# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOSE DANIEL H.F.,[1]
(A Number: 240-464-678)

Petitioner,

v.

WARDEN, *California City Detention Facility*,

Respondent.

Case No. 2:26-cv-797-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO OBEY AND FAILURE TO PROSECUTE**

FOURTEEN-DAY DEADLINE

Jose Daniel H.F. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner was ordered to advise the Court as to the status of any appeal of the Immigration Judge's order by no later than August 12, 2026. (Doc. 23). On August 18, 2026, the Court observed that Petitioner had failed to do so, and ordered that "[b]y no later than August 31, 2026 Petitioner is ordered to inform the Court whether Petitioner filed an appeal of the Immigration Judge's order." (Doc. 24). The Court warned that "[f]ailure to comply with this order may result in dismissal of this petition for failure to obey court orders and failure to prosecute this action." (*See id.*). No response was timely filed. (*See* Docket).

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Petitioner's failure to comply with, or otherwise respond to, the Court's orders, the undersigned finds that there is no alternative but to dismiss the action for failure to obey court orders and failure to prosecute.

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for Petitioner's failure to obey court orders and failure to prosecute this action.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). **Within fourteen (14) days** after being served with these Findings and Recommendation, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 5, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE